```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
MIRIAM CRUZ, on behalf of herself and all
others similarly situated,

                        Plaintiff,
                                                              REPORT AND
         -against-                                            RECOMMENDATION
                                                              23 CV 103 (HG)(RML)
WIDE OPEN ARTS, LLC,

                        Defendant.
------------------------------------------------------- X
```
LEVY, United States Magistrate Judge:

By order dated May 1, 2023, the Honorable Hector Gonzalez, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND AND FACTS

On January 6, 2023, plaintiff Miriam Cruz ("plaintiff" or "Cruz")[1] filed this action against defendant Wide Open Arts, LLC ("defendant"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW §§ 296, *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y. CITY ADMIN. CODE §§ 8-101, *et seq.*; and the New York State Civil Rights Law ("NYSCRL"), N.Y. CIV. RIGHTS LAW §§ 40, *et seq.* (Complaint, dated Jan. 6, 2023 ("Compl."), Dkt. No. 1.) Plaintiff seeks declaratory and injunctive relief, compensatory and statutory damages, and attorney's fees and

---

[1] Although plaintiff purported to bring this case on behalf of herself and all others similarly situated, she has not pursued class certification.

costs. (See generally id.) Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (See Affidavit of Service of Islam Alaaeldin, sworn to Jan. 24, 2023, Dkt. No. 6.) On February 23, 2023, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Request for Certificate of Default, dated Feb. 22, 2023, Dkt. No. 7.) On February 28, 2023, the Clerk of the Court entered defendant's default. (See Certificate of Default, dated Feb. 28, 2023, Dkt. No. 8.) Plaintiff filed the instant motion for default judgment on April 26, 2023. (Motion for Default Judgment, dated Apr. 26, 2023, Dkt. No. 9.) On May 1, 2023, Judge Gonzalez referred plaintiff's motion to me for a report and recommendation. (Order, dated May 1, 2023.)

Plaintiff, a New York resident, is a visually impaired and legally blind person who requires screen reading software to read website content using her computer. (Compl. ¶ 2.) She is therefore a qualified individual with a disability under the ADA, 42 U.S.C. § 12102(1)-(2), *et seq*. and 28 C.F.R. §§ 36.101 *et seq*., the NYSHRL § 292(1), the NYCHRL § 8-102(1), and the NYSCRL §§ 40-c(2). Defendant is a limited liability company with its principal place of business in New York. (Id. ¶ 17.) Defendant owns the website www.outsideartfair.com (the "Website"). (Id. ¶ 18.) According to the Complaint, the Website contains numerous accessibility barriers that plaintiff claims deprived her of the full use and enjoyment of the Website by preventing the screen reader software from working properly. (Id. ¶¶ 16, 32.)

## DISCUSSION

I. **Default Judgment Standard**

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.

1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action.  See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007).  "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); see also Au Bon Pain, 653 F.2d at 65 (explaining that the district court "need not agree that the alleged facts constitute a valid cause of action"); Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) ("[A]fter default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (internal citation, quotation marks, and ellipses omitted).

## II. Standing

Standing is an "irreducible constitutional minimum."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation."  Brown v. Mermaid Plaza Assocs. LLC., No. 13 CV 0760, 2018 WL 2722454 at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)) (internal quotation marks omitted).  To establish standing, a plaintiff must prove: "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed

by a favorable decision." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013) (per curiam).

To establish standing in an ADA suit, a plaintiff seeking injunctive relief must allege facts demonstrating: (1) a past injury under the ADA; (2) that it is reasonable to infer that the discriminatory treatment will continue; and (3) that it is reasonable to infer, based on proximity and the frequency of the plaintiff's past visits, that the plaintiff intends to return to plaintiff's business.[2] Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (citing Kreisler, 731 F.3d at 187-88).

The allegations in plaintiff's complaint are sufficient to establish her standing to seek injunctive relief under Title III of the ADA. Plaintiff alleges that defendant's failure to remove access barriers denies blind and visually impaired persons the ability to browse the Website fully and independently. (Compl. ¶ 46.) These barriers include inaccurate landmark structure, inaccurate heading hierarchy, incorrectly formatted lists, ambiguous link texts, inaccessible contact information, changing of content without advance warning, unclear labels for interactive elements, inaccurate alt-text on graphics, and the requirement that transactions be performed solely with a mouse. (Id. ¶ 29.) As a result, defendant is discriminating against plaintiff by preventing her from using screen reading software and ultimately enjoying the services offered by the Website. Plaintiff alleges that she has made numerous attempts to visit

---

[2] It bears noting that the "credible threat" standard recently articulated by the Supreme Court in 303 Creative v. Elenis appears to lower the bar for a plaintiff to establish standing. 143 U.S. 2298, 2308 (2023). The previous standard was whether, "examined under the 'totality of all relevant facts,'" the plaintiff plausibly alleged "a real and immediate threat of future injury." Calcano, 36 F.4th at 74 (citation and internal quotation marks omitted). 303 Creative changes the inquiry to whether a plaintiff faces a *credible threat* of discrimination in the future, rather than requiring a *real and immediate threat* of future injury. Under the credible threat standard, plaintiff has clearly established standing, as she states that she intends to visit the Website in the future and the Website contains numerous accessibility issues. (Compl. ¶ 37.)

4

and use the Website to learn about current and upcoming art exhibitions and events in defendant's gallery. (Id. ¶¶ 36, 37.) Plaintiff enjoys art fairs, art projects, and performances, and wished to visit several exhibitions organized by the company at different fairs. (Id. ¶¶ 17, 37.) However, due to the access barriers on the Website, plaintiff was unable to learn about the locations of defendant's exhibitions, their hours of operation, and other details about the art works. (Id. ¶ 36.)

These allegations, accepted as true, establish that plaintiff has actual knowledge of barriers to defendant's place of public accommodation, that she would use and enjoy the Website but for the presence of those barriers, and that she intends to return to the Website in the future. Plaintiff also alleges that she is legally blind. (Id. ¶ 2.) Thus, she clearly has a statutorily protected disability. 42 U.S.C. § 12102(1)-(2). Plaintiff further alleges that because defendant provides a public website that promotes art fairs, exhibitions, and events in connection with their physical location, the Website is a place of public accommodation within the definition of Title III of the ADA. 42 U.S.C. § 12181(7); see also Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) (retailer's website was a place of public accommodation under the ADA, and thus retailer was prohibited from discriminating against visually impaired customers on its website). Such allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA. See 303 Creative v. Elenis, 143 U.S. 2298, 2308 (2023) (finding that the plaintiff had standing to sue because she was able to show a credible threat of future discrimination against her).

### III. Liability

   a. The ADA

Plaintiff has satisfied the requirements for liability under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination as:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; [and] a failure to remove . . . barriers . . . in existing facilities . . . where such removal is readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iii), (iv); see also Roberts v. Royal Atl. Corp., 542 F.3d at 367 (2d Cir. 2008). Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff alleges, and the court accepts as true, that defendant created a website that is inaccessible to plaintiff, knowingly maintains the Website in this inaccessible form, and has failed to take actions to correct these access barriers where such corrections would neither fundamentally alter the nature of defendant's business nor result in an undue burden to defendant. (Compl. ¶¶ 40, 61.) Accordingly, I find that plaintiff has established defendant's liability under Title III of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iii), (iv).

Plaintiff requests an injunction requiring defendant to take the steps necessary to make the Website readily accessible to and usable by visually impaired and blind individuals. The ADA provides injunctive relief to rectify violations of access requirements. 42 U.S.C. § 12188(a)(2). As discussed above, plaintiff has established that access barriers on the Website prevent the use of screen reading software that would enable her to read website content. When a plaintiff demonstrates that a defendant has failed to correct access barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." Id.

The court looks to the Web Content Accessibility Guidelines ("WCAG 2.1"), which have become well-established guidelines for making websites accessible to blind and visually impaired persons. Martinez v. Gutsy LLC, No. 22 CV 409, 2022 WL 17303830, at *1 (E.D.N.Y. Nov. 29, 2022). These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. (Compl. ¶ 23.) As this is a motion for default judgment, the court accepts plaintiff's allegations as true that defendant's website is not in compliance with the provisions of WCAG 2.1 and that the necessary components can be readily implemented into the Website to ensure compliance with WCAG 2.1 and the ADA.

Therefore, I respectfully recommend that the court grant plaintiff's request for injunctive relief, enjoin defendant from further discrimination, and order defendant to take the steps necessary to make the Website readily accessible to and usable by visually impaired and blind individuals according to WCAG 2.1. I further recommend that the injunction (1) require

defendant to submit to plaintiff's counsel an implementation plan that remedies the violations identified above within sixty (60) days of any order adopting this report and recommendation; (2) grant plaintiff thirty (30) days from receipt of defendant's plans to consent or to seek further relief from the court; and (3) direct defendant to make the necessary alterations within sixty (60) days of plaintiff's consent or any ruling on plaintiff's request for further relief. See Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

### b. The NYSCRL, NYSHRL, and NYCHRL

Plaintiff alleges that defendant violated the NYSCRL, the NYSHRL, and the NYCHRL. Plaintiff's state and municipal law claims stem from the same accessibility barriers that form the foundation of her ADA claim. "The elements that establish liability under the ADA are sufficient to state a claim under the New York Civil Rights Law." Ross v. Royal Pizza Cafe Corp., No. 17 CV 6294, 2018 WL 6313208, at *4 (E.D.N.Y. Aug. 1, 2018), report and recommendation adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018) (internal quotation marks and citation omitted). Additionally, the NYSHRL is "construed coextensively with [Title III]." Puerner v. Hudson Spine and Pain Medicine P.C., No. 17 CV 3590, 2018 WL 4103491, at *3 (S.D.N.Y. Aug. 28, 2018) (quoting Viera v. City of N.Y., No. 15 CV 5430, 2017 WL 3130332, at *13 (S.D.N.Y. July 21, 2017)) (internal quotation marks omitted). Accordingly, as plaintiff establishes defendant's liability under the ADA, she also does so under the NYSCRL and NYSHRL.

NYCHRL claims "must be reviewed independently from and more liberally than their federal and state counterparts." Loeffler v. Staten Isl. Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009). Indeed, the ADA constitutes a "floor below which the [NYCHRL] cannot fall." Id.

8

(internal quotation marks, citation, and emphasis omitted). Since plaintiff establishes a claim under the narrower state and federal standards, she also does so under the broader NYCHRL.

IV. **Damages**

    a. Compensatory Damages

Plaintiff seeks compensatory damages pursuant to the NYSHRL and NYCHRL in the amount of $1,000. (Affidavit of Mars Khaimov, Esq., dated Apr. 26, 2023 ("Khaimov Aff."), Dkt. No. 9, ¶ 12.) The NYSHRL provides for compensatory damages. N.Y. EXEC. LAW § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate[.]"). Additionally, "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." Kreisler v. Second Ave. Diner Corp., No. 10 CV 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013) (internal citation and quotation marks omitted). Following the New York City Human Rights Commission's recommendation, "[c]ourts in this circuit find an award of $1,000 to be appropriate in similar cases." Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551, 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013). Furthermore, courts in this district have recently awarded plaintiffs compensatory damages of $1,000 in default judgment cases involving similar factual allegations. See, e.g., Suris v. Collive Corp., No. 20 CV 6096, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022). I therefore respectfully recommend that plaintiff be awarded $1,000 in compensatory damages.

b. Statutory Damages

Plaintiff also seeks $500 in statutory damages under the NYSCRL. Section 40-d provides that defendants who violate the provisions of NYSCRL § 40-c "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. CIV. RIGHTS LAW § 40-d; see also Shalto v. Bay of Bengal Kabob Corp., No. 12 CV 920, 2013 WL 867429, at *13 (E.D.N.Y. Feb. 6, 2013) (awarding $500 in statutory damages under the New York Civil Rights Law). As previously discussed, plaintiff's allegations are sufficient to establish a violation of Section 40-c. Furthermore, plaintiff has provided notice to the Attorney General of her lawsuit, as required by § 41. (Compl. ¶ 85.) Therefore, I respectfully recommend that plaintiff be awarded $500 in statutory damages under the NYSCRL.

c. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs "in an amount to be determined by this Court." (Khaimov Aff. ¶ 13.) Both the ADA and the NYCHRL allow a prevailing party to recover reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205; N.Y. CITY ADMIN. CODE § 8-502(f).[3]

The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV

---

[3] The NYSHRL only allows a prevailing party to recover attorney's fees in cases involving housing discrimination, credit discrimination where sex is the basis of such discrimination, and employment discrimination. See N.Y. EXEC. LAW § 297(10); see also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997) (". . . the NYSHRL does not provide for an award of fees.") (internal citation omitted).

3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotations omitted). Additionally, to define a reasonable hourly rate, the court must determine "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). This query is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is the district in which the court sits. Arbor Hill, 522 F.3d at 190-91; see also Siemieniewicz v. CAZ Contracing Corp., No. 11 CV 0704, 2012 WL 5183375, at *15 (E.D.N.Y. Sept. 21, 2012) (explaining that the evaluation of the reasonable rate for an attorney's fee in the district in which the action is pending should also include "prevailing market rates for attorneys of similar expertise providing comparable services.") (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)), report and recommendation adopted as modified, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)). The fee is then calculated by setting a reasonable hourly rate and multiplying that rate by the number of hours reasonably expended litigating the case. Siemieniewicz, 2012 WL 5183375, at *15 (quoting Joe Hand Promotions, Inc. v. Martinez, No. 07 CV 6907, 2008 WL 4619855, at *7 (S.D.N.Y. Oct.17, 2008)).

However, a fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the relevant dates. Siemieniewicz, 2012 WL 5183375, at *15 (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records

11

indicating, for each attorney, the date, the hours expended, and the nature of the work done."
Carey, 711 F.2d at 1154; see also Kingvision Pay–Per–View, Ltd. v. The Body Shop, No. 00 CV 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying request for attorney's fees and costs where plaintiff did not offer supporting documentation showing how the fees were accumulated). Since plaintiff has not specified how much she seeks in attorney's fees and costs or made any attempt to substantiate the request, she should be directed to file a motion for attorneys' fees, with contemporaneous time records, within thirty days of an order adopting this report and recommendation. See Brown v. 3700 Deli & Grocery, Inc., No. 19 CV 07160, 2021 WL 289349, at *3 (S.D.N.Y. Jan. 27, 2021) (directing plaintiff to file fee motion in thirty days).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted, and that plaintiff be awarded $1,500 in damages, representing $1,000 in compensatory damages under the NYSHRL and NYCHRL and $500 in statutory damages under the NYSCRL.[4] Furthermore, I respectfully recommend that the court issue an injunction, pursuant to the ADA, ordering defendant to provide access to the Website in compliance with the ADA and the WCAG 2.1. Plaintiff is directed to serve a copy of this

---

[4] Local Rule 7.1 provides that "[e]xcept as otherwise permitted by the court, all motions shall include the following motion papers: . . . a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Courts in this circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Rule 7.1 is sufficient grounds to deny a motion. See Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6 (S.D.N.Y. Feb. 19, 2015) (citing Wenzhou Wanli Food Co. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) (holding that the "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion. It is not necessary to reach the merits"). In the interest of judicial economy, I have elected not to recommend denial of plaintiff's motion on this ground. However, plaintiff's counsel is advised that any future failure to provide a memorandum of law could result in a denial of the motion.

Report and Recommendation on defendant, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       August 14, 2023